IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:06-cr-169-WHA |
| ) | |
| KOWOSKY TYWAN CHRISTIAN, et al. ) | |

## OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

NOW COMES, the defendant, Kowosky Tywan Christian, through undersigned counsel, Joseph P. Van Heest, in opposition to the United States' motion for detention, and in support of the opposition, states the following:

## CASE HISTORY AND PROCEDURAL BACKGROUND

Mr. Christian was arrested and charged with one count of conspiracy to violate the Controlled Substances Act, in violation of 21 U.S.C. § 846 and one substantive count of alleged possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). The charges arise out of an extensive investigation that charged 16 defendants in 32 counts. The only substantive count appears to arise from a search conducted in February 2005, on the property of a co-defendant, Christopher Ulmer, which led to Mr. Ulmer's arrest on state charges, and not to any arrest for Mr. Christian. Moreover, Mr. Christian was not even present at the scene when and where the drugs were alleged to have been found. The indictment was returned by a federal grand jury on July 11, 2006, but remained sealed until arrests began over the past several weeks.

Mr. Christian was arrested on the federal indictment on February 16, 2007, and appeared in court shortly thereafter. His detention hearing is set for 1:00 pm, Thursday, March 1, 2007.

**LEGAL ARGUMENT**

The Bail Reform Act of 1984, at 18 U.S.C. § 3142(a) provides a judicial officer with four options when a defendant appears before the court charged with an offense. The judicial officer can (1) release the defendant on her own recognizance or upon the execution of an unsecured appearance bond under § 3142(b); (2) release the defendant on a condition or combination of conditions under § 3142(c); (3) temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion under § 3142(d); or (4) detain the defendant under § 3142(e). In this case the government has moved to detain the defendant Kowosky Christian pursuant to § 3142(e) and (f). Section 3142(e) provides that "[i]f after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

Section 3142(e) further provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as is required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) ...." The government has charged Mr. Christian in Count One of the indictment with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and in Count Thirty-Two with the substantive charge of possession with intent to distribute controlled

substances, in violation of 21 U.S.C. § 841(a)(1). The government is entitled to the presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Christian and the safety of the community. That presumption is not conclusive; it can be rebutted. Mr. Christian has rebutted the presumption.

There can be no question that a grand jury indictment is sufficient to establish probable cause to trigger the statutory rebuttable presumption of detention. *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985) ("Thus we hold ... that an indictment is sufficient to demonstrate probable cause, creating a rebuttable presumption of flight under the terms of Section 3142(e)."), *modified on other grounds in United States v. King*, 849 F.2d 485, 490-91 (11th Cir. 1988). The indictment, however, is insufficient to justify detention. In *Hurtado*, the United States Court of Appeals for the Eleventh Circuit, quoted and cited the legislative history as follows:

> The indictment, coupled with the government's request for detention is a sufficient basis for requiring *an inquiry* into whether detention may be necessary .... Congress left the resolution of this question to the sound judgment of the courts by acting on a case by case basis. The showing of probable cause (by means of an indictment) *may* be enough to justify detention if the defendant fails to meet [her] burden of production, or if the government's showing is sufficient to countervail the defendant's proffer, ... but it will *not necessarily* be enough, depending upon whether it is sufficient to carry the government's burden of persuasion.

*Hurtado, supra*, 779 F.2d at 1478 (internal quotations and citations omitted) (emphasis in original). The statute, thus, contemplates a three-step process. First, the government establishes probable cause for the offense triggering the rebuttable presumption. Then the defendant has the burden of *production* which she can meet by proffering evidence that there is a condition or combination of conditions that will assure her appearances as

required and the safety of the community.[1] The government then has the ultimate burden of *persuasion or proof* that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. *Id.*; *United States v. King*, 849 F.2d at 488 ("We note, however, that this statutory presumption imposes only a burden of production on [the defendant] and does not shift the burden of persuasion concerning risk of flight and dangerousness."); *United States v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990) ("The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion.")

The government has the burden of proof by a preponderance of the evidence that no condition or combination of conditions will assure the required appearances of the defendant. *United States v. King*, 849 F.2d at 489 (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)). This preponderance of evidence standard in pretrial detention matters ought not be the "tips the scales slightly test" applied in civil cases, but a "clear preponderance" test. *United States v. Chen*, 820 F.Supp. 1205, 1208 (N.D. Cal.1992). The

---

[1] The burden of production is that there are no condition or combination of conditions that will reasonably assure the defendant's appearance as required or the safety of the community. 18 U.S.C. § 3142(e). Thus, even if a defendant is a risk of flight or a danger to the community, the court must set bail if the government has not met its ultimate burden of persuasion that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. These conditions are delineated in 18 U.S.C. § 3142(c)(1) including the catch-all condition of 18 U.S.C. § 3142(c)(10)(xiv). *Cf. United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990) ("But if the finding of dangerousness withstands scrutiny, we must then look *at the particular conditions imposed by the district court* to determine the likelihood that, upon the defendant's release, public safety will nevertheless be reasonably assured.") Of course, here Mr. Christian has produced evidence that demonstrates that she is neither a risk of flight nor a danger to the community; and has further demonstrated that there is a combination of conditions which will assure his appearance and the safety of the community.

government also has the burden of proof by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community. 18 U.S.C. § 3142(f)(2) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person or the community shall be supported by *clear and convincing evidence*.") (emphasis added); *United States v. Medina*, 775 F.2d at 1402; *United States v. King*, 849 F.2d at 488.

In order to meet the burden of production in rebuttal of the presumptions, a defendant may "come forward ... with evidence to suggest that he is either not dangerous or not likely to flee if turned loose on bail." *Hurtado*, 779 F.2d at 1478. A defendant has "wide latitude" in the methods he uses to rebut the presumptions, including the calling of witnesses and the presenting of information by proffer or otherwise. *Id.* at 1479 (citing 18 U.S.C. § 3142(f)). The defendant's "burden of production is not a heavy one to meet." *United States v. Dominquez*, 783 F.2d 702, 707 (7th Cir. 1986).

While Congress in enacting the Bail Reform Act of 1984 may have been concerned that those accused of drug trafficking may pose a particular threat of flight, "this generalization cannot inflexibly be applied in every case...." *United States v. Giampi*, 755 F.Supp. 655 (W.D. Pa. 1995). Some courts have interpreted "dangerousness" under the Bail Reform Act to mean the risk that the defendant will engage in drug trafficking once he has been released. *See e.g. Untied States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985). The statute does not provide, and the legislative history does not suggest, that once a defendant is indicted for a drug trafficking offense, he must be detained. Indeed, the

legislative history on the issue is pellucid:

> The Committee has determined that whenever a person is charged with one of these offenses and the attorney for the government elects to seek pretrial detention, a hearing should be held so that the judicial officer will focus on the issue of whether, in light of the seriousness of the offense charged and other factors to be considered under subsection (g), any form of conditional release will be adequate to address the potential danger the defendant may pose to others if released pending trial. *Because the requirements of subsection (e) must be met before a defendant may be detained, the fact that the defendant is charged with an offense in subsection (f)(1)(A) through ©) is not, in itself, sufficient to support a detention order.* However, the seriousness of the offenses described in subsection (f)(1)(A) through ©) coupled with the government motion is a sufficient basis for requiring an inquiry into whether detention may be necessary to protect the community from the danger that may be posed by a defendant charged with one of these crimes.

1984 U.S. Code Cong. & Admin. News 3182, 3204.

The Eleventh Circuit concurs:

> [T]he indictment is not conclusive; the government may not merely come before the trial court, present its indictment, and thereby send the defendant off to jail, foreclosing any further discussion. Rather the defendant still must be afforded the opportunity for a hearing to meet his burden of production, leaving the government with the ultimate burden of persuasion.

*Hurtado*, 779 F.2d at 1478.

Indeed, it was "Congress's clear intent that only a limited number of defendants be subject to pretrial detention." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) (citing S. Rep. No. 225, 98th Cong., 2d Sess. 4-12, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3189). Mr. Christian is not among the "small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release cannot reasonably assure the safety of the community or other persons." S. Rep. No. 225, *supra*, 1984 U.S. Code Cong. &

Admin. News at 3189.  It is important to remember that in upholding the constitutionality of the Bail Reform Act the Supreme noted that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105 (1987).

In determining whether the government has met its burden of proof the judicial officer shall take into account the factors listed in Section 3142(g) of the Act.  These factors are:

> (1) The nature and circumstances of the offenses charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including —
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record of appearances at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release ....

18 U.S.C. § 3142(g).

## ANALYSIS OF LAW TO FACTS

Mr. Christian has lived his entire life in Chilton County, Alabama. His strong family ties are evidenced by the number of persons who come to court to support him, and who posted property to secure his release on the pending murder charge in Chilton County Circuit Court. That bond, set at $200,000.00, was met when a number of members of his family and the community posted property valued at $600,000.00, to insure his attendance at all court hearings in Clanton. Those persons obviously believe he will not be a flight risk.

If permitted to be released, Mr. Christian would live with his mother, Ms. Rutha Clemons, who is also a long-time citizen of Chilton County, Alabama, and who has been employed for the past nine years at Citation Phone in Columbiana, Alabama. Prior to his arrest, Mr. Christian has lived with his mother for the past three years. Ms. Clemons has agreed to permit her son to live with her and will be in court at the hearing.

Mr. Christian was cooperative with law enforcement at the time he was stopped in February 2007. In addition, he voluntarily turned himself into the Chilton County Sheriff's Office in December 2006 following the incident from which the pending state criminal charge arose. He did not attempt to resist or flee at either time, even though he was, at the time, facing capital murder charges, and knew it was likely he would be held without bond. (Until the grand jury returned an indictment for murder, Mr. Christian was held without bond. When the indictment was returned charging something less than capital murder, bond was set at $200,000.00. Within a few days, family and friends posted property in an amount totaling $600,000.00, in order to secure his release.      Mr. Christian is not a risk of danger to any person or the community. The circumstances surrounding the alleged murder charge indicate that Mr. Christian did not fire a weapon and

did not kill anyone but was merely the driver of a car wherein the passenger fired at an oncoming car whose occupants had fired their weapons first. Ironically, the decedent, Isaac Bulger, was, at the time of his death, facing charges of attempted murder and assault, 1st degree. *See State v. Bulger*, DC 2006-11, 12 (Chilton Co. Dist. Ct.) Those cases were at the grand jury and had not yet been indicted at the time of his death. Moreover, the alleged surviving witness, Julius Stoudemire, is a convicted drug dealer who was charged with possession of a pistol by persons forbidden (Ala. Code 13A-11-72), and with possession of a firearm with an altered serial number (Ala. Code 13A-11-64), for possession of a firearm on the same day in which Mr. Christian is charged with murder. *See State v. Stoudemire*, DC 2006-2551, 2552 (Chilton Co. Dist. Ct.)

There is no reason to believe Mr. Christian would pose a risk to any person or to the community if released. He is willing to submit to electronic monitoring which would both alleviate a risk of flight, and assure his whereabouts, thus permitting a pretrial services officer to monitor him and remove any concern about drug dealing.

## **CONDITIONS PROPOSED BY THE DEFENDANT**

Mr. Christian offers the following conditions which he believes the Court can agree will reasonably assure his appearance and protect the community:

(1)   release on recognizance or unsecured bond;

(2)   refrain from use of alcoholic beverages and/or controlled substances;

(3)   submit to random or regular drug testing as directed by the pretrial services officer

(4)   contact pretrial services officer telephonically on daily basis

(5) contact pretrial services officer in person on weekly basis

(6) reside with his mother as third-party custodian

(7) if the court deems necessary, submit to house arrest with electronic monitoring, except when allowed to work, go to church, or go to court or meet with his lawyer in either his pending case in Chilton County Circuit Court, or the instant case, other times specifically permitted by the pretrial services officer.

(8) limit Mr. Christian's travel to the Middle District of Alabama, unless specifically approved by the pretrial services officer

(9) any other condition that the Court feels appropriate and necessary to meet the need of the Bail Reform Act.

## **CONCLUSION**

For the reasons stated above, as well as those which will become known at the detention hearing, the Court should deny the government's motion for detention, and grant Mr. Christian release. In the alternative, the Court should permit the defendant leave to reopen the issue of detention at a later time, after identifying the conditions which would satisfactorily allay any concerns the Court may have.

Respectfully submitted,

s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026

10

Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

      I hereby certify that on March 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: A. Clark Morris, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

      Respectfully submitted,


s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026