IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr169-WKW |
| | ) | WO |
| KOWOSKY TYWAN CHRISTIAN | ) | |

## ORDER ON MOTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 5, 2007. There is a rebuttable presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant – who is charged in the indictment with, *inter alia*, possession with the intent to distribute 582 grams of crack cocaine, 1501 grams of cocaine powder, and 2700 grams of marijuana – has a history of prior arrests for drug charges, including possession of marijuana, possession of drug paraphernalia, and trafficking in cocaine.[2] Defendant also has pending charges for murder and attempted murder. The latter charges stem from a recent incident in which defendant was the driver of a vehicle from which his passenger exchanged gunfire with the occupants of another vehicle. In the course of this incident (which appeared to be drug-related), defendant's passenger (a co-defendant in this case) shot and killed the passenger in the second vehicle. A witness indicated that

---

[1] Defendant made a sufficient showing to rebut the presumption in this case.

[2] The disposition of the trafficking charge is listed in the pre-trial services report as "[a]cquitted due to mistrial." However, the deputy testifying at the hearing indicated that it was his understanding from the District Attorney that this case is still active and will be re-tried.

when the second vehicle left the scene, it was still being chased by defendant's vehicle for some four to five miles outside of Clanton, until the driver of the second vehicle pulled up at a residence to seek help. A gun belonging to defendant (for which he had no permit, as his permit was revoked after his arrest on a drug charge) and a loaded magazine were found in his vehicle after the shooting, although the gun had not been fired.

Defendant is also implicated in a drug-related shooting in Birmingham, in which the victims indicated that a black male named "Wosky" participated, along with Shawn Frazier and "Darryl." (Defendant is nicknamed "Wosky," and Shawn Frazier and Darryl Brown are two individuals with whom he associated and sold drugs in Clanton, according to testimony at the hearing). Defendant was himself shot in the leg in May 2005 at or near an alleged "stash house" in Clanton. He allegedly told an individual later interviewed by officers that when he was more mobile (his left leg was amputated), he would seek revenge for the shooting. Further, defendant was named in testimony at the hearing as a source of supply of 14 grams of crack to one co-defendant (Barnett) and 40 grams of crack to another (Childres) for distribution. A large quantity of crack cocaine, powder cocaine, and marijuana was also recovered in the search of a vehicle registered to defendant's father, which defendant has been seen to drive. Officers found defendant's fingerprint on one of the bags containing the drugs. In addition, the drug conspiracy charged in the indictment involves 16 defendants, a large quantity of drugs, cash in excess of $2 million, multiple drug transactions, additional weapons, and the potential for lengthy prison sentences for all defendants. Based on the foregoing, the court concludes that there are no conditions or combination of conditions

which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 8th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE